# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NANCY BROGATO, ) | |
| ) | |
| Plaintiff, ) | No. 04 C 7493 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Maria Valdez |
| PROVISO TOWNSHIP MENTAL HEALTH ) | |
| COMMISSION, ESTATE of JOSEPH ) | |
| ABRUZINO, and PROVISO TOWNSHIP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nancy Brogato brings this action under 42 U.S.C. § 1983 and Illinois law against her former employer Proviso Township Mental Health Commission (the "Commission"), Joseph Abruzino, former Executive Director of the Commission, and Proviso Township. Specifically, Plaintiff alleges that she endured sexual harassment by Defendant Joseph Abruzino during her employment by the Commission from 1998 to 2004. Plaintiff, along with Defendant Commission and Defendant Abruzino (collectively "Defendants")[1] settled this action following Defendants' offer of judgment for $150,000.00 made pursuant to Fed.R.Civ.P. 68 ("Rule 68"). Plaintiff subsequently moved to recover costs, including attorneys' fees, and presently before this Court is Plaintiff's Motion to be Deemed a Prevailing Party Entitled to Recover Costs and Attorney's Fees From Defendants Commission and Abruzino Pursuant to Rule 68 Offer of Judgment [Doc. No. 77]. For the reasons set forth below, Plaintiff's motion is GRANTED.

---

[1] Defendant Proviso Township was not a party to the offer of judgment, and Plaintiff's claims against it remain.

## I. BACKGROUND

On August 11, 2006 Defendants served Plaintiff with a Rule 68 offer of judgment. This offer of judgment stated, in its entirety:

> Pursuant to Federal Rule 68 of the Federal Rules of Civil Procedure, my clients hereby make an offer of judgment to Ms. Brogato in the sum of $150,000.00. Please note that this offer will remain open for 10 days, or through August 21, 2006.

(Pl.'s Notice of Acceptance, Attachment 1 [Doc. No. 76].) On August 18, 2006 Plaintiff filed a notice of acceptance, which attached Defendants' offer of judgment. (*Id.*) Three days later, on August 21, 2006, Defendants sent Plaintiff a letter which stated, in relevant part:

> Just so there is no confusion, the offer of judgment we sent out last week was inclusive of attorneys' fees and costs, and was an offer to finalize this case against my clients in its entirety. This was implicit in the letter and our prior conversations with you, although not mentioned in the letter as it was sent out and signed by someone else in my office, as you can see from my signature. I have been out of the office for a few days and just received your notice of acceptance.

(Pl.'s Mot. at Ex. B.) Plaintiff disagreed with Defendants' interpretation of the offer and filed the present motion to be deemed a prevailing party entitled to recover costs, including attorneys' fees.

## II. DISCUSSION

Rule 68 of the Federal Rules of Civil Procedure allows a party to make an offer of judgment "against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." When a plaintiff accepts a Rule 68 offer of judgment, she may recover costs awardable under the relevant underlying statute, unless the Rule 68 offer provides otherwise. *Fisher v. Kelly*, 105 F.3d 350, 352 (7th Cir. 1997) (citing *Marek v. Chesny*, 473 U.S. 1, 7-9 (1985)). In this case, the relevant underlying statute is 42 U.S.C. § 1983, under which "costs" include attorneys' fees,

provided that the plaintiff is the prevailing party.[2] *Id.* Accordingly, in order to be entitled to recover costs, including attorneys' fees in this action, Plaintiff must establish the following: (1) Defendants' Rule 68 offer did not include costs, and (2) she is the prevailing party.

### A. Costs in Rule 68 Offer

"Rule 68 offers must include costs. If the offer is silent as to costs, the court may award an additional amount to cover them." *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998) (citing *Marek*, 473 U.S. at 9). In *Webb*, the defendants filed a Rule 68 offer of judgment that stated, in its entirety:

> The Defendants, Dick James and Dick James Ford, Inc., by their attorneys, Steven C. Wolf and Victoria A. Barnes, hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68.

*Id.* at 619. The defendants maintained that this offer of judgment included attorneys' fees, but the Seventh Circuit held that the plaintiff was entitled to recover attorneys' fees because the offer was silent as to costs, and the "defendants should bear the burden of the ambiguity created by their silence on fees." *Id.* at 623. The court further noted that "Rule 68 puts plaintiffs at their peril whether or not they accept the offer;" as such, "the defendant must make clear whether the offer is inclusive of fees when the underlying statute provides fees for the prevailing party." *Id.*

In this case, the Defendants' offer of judgment mirrors the offer of judgment in *Webb*: the language of both offers is virtually identical and both offers are silent as to costs. Although there is no requirement that offers of judgment contain magic words, *see Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 393 (7th Cir. 1999), there must be some indication in the offer to provide notice to the responding party that fees and costs are included.

---

[2] 42 U.S.C. § 1988(b) provides that: "In any action or proceeding to enforce a provision of section[ ] . . . . 1983 . . . of this title . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

3

In support of their contention, the Defendants rely on the Seventh Circuit's decision in *Nordby* and argue that this Court should find that their offer "was to confess judgment for all damages sought in the complaint," and by implication "this necessarily encompassed the plaintiff's prayer for attorneys' fees, costs, and any other incidental damages." (Def.'s Resp. at 2). However, *Nordby* does not help the Defendants. In *Nordby*, the offer at issue specifically included a reference to costs: the offer was for "judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint." *Nordby*, 199 F.3d at 391. And, the court found that no ambiguity existed in the offer with respect to fees and costs since the offer language "total sum as to all counts of the amended complaint" could "only mean one amount encompassing all the relief sought in the counts." *Id.* at 392.

Unlike *Nordby*, in this case, the Defendants' offer of judgment contains no language that suggests that the offer was to settle all claims the Plaintiff asserted. Defendants' offer contained no reference to the complaint, claims or causes of action. Thus, the facts of *Nordby* are inapposite to this case. In fact, the Defendants do no dispute that their offer is silent as to costs. (*See* August 21, 2006 letter from Defs.' counsel to Pl.'s counsel, attached to Pl.'s Notice of Acceptance [Doc. No. 76].) Therefore, this Court finds that the Defendants' Rule 68 Offer is silent as to costs and resolves any ambiguities against the Defendants.

### B. Prevailing Party

The "mere fact that plaintiff obtained some recovery does not automatically make her a prevailing party because defendants often settle even meritless lawsuits." *Fisher*, 105 F.3d at 352. The Seventh Circuit has established a two-prong test for determining whether a plaintiff should be deemed a prevailing party when a case has settled: (1) "whether the lawsuit was causally linked to

the relief obtained," and (2) "whether the defendant acted gratuitously, that is, the lawsuit was frivolous, unreasonable, or groundless." *Id.* at 353 (citations omitted). In this case, Plaintiff satisfies both prongs of this test. First, there is no dispute that Defendants made their Rule 68 offer of judgment to settle Plaintiff's lawsuit. Second, Defendants did not gratuitously offer to settle Plaintiff's claims, nor was her lawsuit frivolous: (1) Defendants' offer of judgment was for $150,000.00; (2) Defendants' motion to dismiss was denied; and (3) Plaintiff maintains Defendants indicated they did not intend to file a motion for summary judgment. Therefore, the Court concludes that Plaintiff should be deemed a prevailing party entitled to recover costs, including attorneys' fees.

### C. Rule 60

In the alternative, "Defendants seek relief from any potential judgment under Rule 60, based upon the arguments made in th[eir] response. If this court in inclined to grant plaintiff's motion, then Defendants seek a vacation of the acceptance filed by the plaintiff." (Defs.' Resp. at 3-4.) The Defendants fail to state which provisions of Fed.R.Civ.P. 60 entitle them to relief. *See Webb*, 147 F.3d at 622 (the "catchall" provision of Rule 60(b)(6) only applies if the other subsections do not apply). Nor do they cite any authority that would allow this Court to vacate a plaintiff's unconditional acceptance of a Rule 68 offer of judgment. *See United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005) ("[U]nsupported and undeveloped arguments are waived."). Therefore, the Defendants' request is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to be Deemed a Prevailing Party Entitled to Recover Costs and Attorney's Fees From Defendants Commission and Abruzino Pursuant to Rule 68 Offer of Judgment [Doc. No. 77] is GRANTED. Judgment is entered in favor of Plaintiff Nancy Brogato and against Defendants Proviso Township Mental Health Commission and the Estate of

Joseph Abruzino in the amount of $150.000.00. Further, the Court finds the Plaintiff is entitled to costs, including attorneys' fees. The plaintiff is directed to file a fee motion in compliance with the provisions of Local Rule 54.3.

**SO ORDERED.**          **ENTERED:**

**Dated:   November 16, 2006**          *Maria Valdez*

                                                    _____
                                                    **HON. MARIA VALDEZ**
                                                    **United States Magistrate Judge**