IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY BROGATO, ) | |
| ) | |
| Plaintiff, ) | No. 04 C 7493 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Maria Valdez |
| PROVISO TOWNSHIP MENTAL HEALTH ) | |
| COMMISSION, ESTATE of JOSEPH ) | |
| ABRUZINO, and PROVISO TOWNSHIP, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on "Plaintiff's Motion for Costs and Fees as Prevailing Party Against Defendants Commission and Abruzino" [Doc. No. 109]. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Plaintiff's motion is GRANTED, in part, and DENIED, in part.

**I. BACKGROUND**

On November 18, 2004, Plaintiff Nancy Brogato filed this action pursuant to 42 U.S.C. § 1983 for alleged sexual harassment she endured during her tenure with her former employer. Plaintiff sued her former employer, Proviso Township Mental Health Commission (the "Commission"); the person who allegedly sexually harassed her, Joseph Abruzino, former Executive Director of the Commission; and the municipality, Proviso Township. Shortly after Plaintiff filed this action, Defendants Abruzino and Defendant Commission unsuccessfully moved to dismiss her complaint [Doc. Nos. 6, 19], and the parties proceeded with discovery. During discovery, the parties engaged in limited motion practice, participated in an unsuccessful

settlement conference [Doc. Nos. 27, 28], and the Plaintiff accepted a $150,000 Rule 68 offer of judgment made by Defendant Abruzino and Defendant Commission (collectively, the "Defendants")[1] nine months after the settlement conference [Doc. No. 76]. Defendants' offer of judgment did not exclude costs or attorney's fees [Doc. No. 76-2]. Accordingly, Plaintiff has moved to recover the costs and attorney's fees she has incurred in this action. Defendants do not object to the $7,247.23 in costs[2] requested by the Plaintiff, but they do object to the $219,035.50 in attorney's fees[3] requested by her. (Defs.' Resp., at 2.) Plaintiff is seeking compensation for 1,171.7 attorney and legal assistant hours billed in this case (Pl.'s Mot. at 2; Pl.'s Reply, at Ex. 10), while Defendants' counsel billed only 439 hours. (Defs.' Resp., at 5.) Defendants believe Plaintiff's counsel expended too much time on a single-plaintiff sexual harassment case that involved no novel issues of law. *Id*. at 1, 5. As such, Defendants believe that Plaintiff's hours should be reduced by approximately 40% to $134,471.60. *Id*. at 2.

## II. DISCUSSION

### A. Attorney's Fees

Plaintiff Nancy Brogato has moved to recover the costs, including attorney's fees, she has incurred in this litigation. In federal civil rights actions, a "court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. On November 16, 2006, this Court determined that Plaintiff is a prevailing party in this litigation [Doc. Nos. 89, 90].

---

[1] Defendant Proviso Township was not a party to the offer of judgment, and Plaintiff's claims against it remain.
[2] After Plaintiff filed her motion for fees and costs, this Court entered an order granting Plaintiff her costs in the amount of $7,247.23 [Doc. No. 113]. Defendant Commission has paid Plaintiff this amount. (Defs.' Resp., at 2.)
[3] In her motion Plaintiff originally requested $219,940.50 in fees; in her reply Plaintiff reduced her request by $905.00 to account for non-compensable administrative tasks. (Pl.'s Mot. at 11; Pl.'s Reply, at 15.) However, as discussed *infra*, Plaintiff's reduced request continues to include non-compensable administrative tasks.

The district court has considerable discretion in determining the appropriate amount of a fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 551 (7th Cir. 1999). Plaintiff has the burden to demonstrate to the Court that her attorneys' time expenditures and hourly rates are reasonable. *See Hensley*, 461 U.S. at 437. In her fee petition, therefore, Plaintiff's attorneys are required to exercise billing judgment, which means they must "'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Spegon*, 175 F.3d at 552 (quoting *Hensley*, 461 U.S. at 434). Billing judgment is an important component of such calculations requiring the prevailing party to make a good faith effort to exclude hours that are excessive, redundant, or unnecessary. *Henley,* 461 U.S. at 434; see also *Spegon,* 175 F.3d at 552 (good faith effort requires the prevailing party to exercise billing judgment—"winnowing the hours actually expended down to the hours reasonably expended.").

As an initial step, Plaintiff, as the movant bears the burden of documenting its fees to the satisfaction of the Court. *Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir.1986)*; Hensley*, 461 U.S. at 437. Once this burden is met, the fees are presumptively appropriate unless challenged by the opposing party. *Tomazzoli*, 804 F.2d at 96. Plaintiff failed to meet this burden by not attaching any of her attorneys' time records to her fee petition. She contends that her decision not to include any of her time records is based on Defendant's Local Rule 54.3 position which "has made it impossible to ascertain which time entries are disputed and which are not." (Pl.'s Mot. at 2.) Even so, this Court would not be able to undertake a thorough review of the time records if it does not have them. And since the initial burden rests with the party seeking fees, failure to include the time records provides no support for this Court to award any fees. On this basis

alone, the Court could deny fees. *Hensley*, 461 U.S. at 433(if plaintiff fails to document hours adequately, court may reduce award accordingly).

Defendants, however, did attach Plaintiff's billing records in their response to Plaintiff's fee petition. (Defs.' Resp., at Ex. A.) Although this Court is within its discretion to deny all fees based on Plaintiff's omission, this Court does have all records before it and will undertake a review based on the information provided by all parties.

Under the § 1988 fee shifting statute, Brogato may recover only those hours that her attorneys would bill in the private sector. *Hensley*, 461 U.S. at 434. Brogato's petition for fees should set forth a sufficient description of the type of work performed. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187 (7th Cir.1992). In *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000), the Seventh Circuit explained that "[a]s to the reasonableness of the hours expended, when a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." A court only requires that level of detail a paying client finds satisfactory. *In the Matter of Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir.2001).

In this case, the Defendants do not object to the hourly rates requested by Plaintiff's counsel. (Defs.' Resp., at 2.) Accordingly, the primary issue before this Court is whether the 1,171.7 hours billed by Plaintiff's three attorneys (as opposed to the 439 hours billed by defense counsel) and their legal assistants are reasonable. Defendants argue that Plaintiff's counsel has failed to use billing judgment and has "spent too much time on a simple sexual harassment lawsuit that was settled before a trial date was set." (Defs.' Resp., at 5.)

4

Specifically, Defendants argue that Plaintiff's counsel's billing records reveal an improper attorney staffing model; inefficient case management—including time devoted to depositions, settlement conferences, and routine discovery—and charges for non-compensable administrative tasks. *Id*. at 5-8. In support of their position, Defendants have attached the affidavit of Jane M. McFetridge, an employment law attorney they retained to review Plaintiff's billing records. *Id*. at Ex. C. Plaintiff asserts that Ms. McFetridge's affidavit fails to meet the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) and its progeny. This Court need not address Plaintiff's objections because a district court can independently review the number of hours requested in a fee petition and determine their reasonableness. *Spellan v. Board of Educ. for Dist 111*, 59 F.3d 642, 646 (7th Cir. 1995) (citation omitted). If this independent review leads the court to question issues that had not been previously addressed by the parties, the court shall provide the fee petitioner an opportunity to respond to the court's concerns. *Id*. (citation omitted). Such an opportunity is not necessary in this case because this Court has conducted an independent review of Plaintiff's 80 pages of billing records and shares many of the concerns raised by the Defendants. The number of hours requested by the Plaintiff is not reasonable and shall be reduced as outlined below.

Plaintiff retained the Law Offices of Fern Trevino to pursue her claims in this matter. (Affidavit of Fern N. Trevino, at ¶ 8, attached to Pl.'s Mot. as Ex. G.) Ms. Trevino, who has "practiced law exclusively in the field of employment law" since 1983, served as lead counsel. *Id*. at ¶¶ 3, 12. Ms. Trevino additionally staffed the case with a senior associate—Alenna Bolin, a 1990 law school graduate who has "spent the bulk of [her] practice in litigation with a concentration in the area of litigating employment law cases"—and a junior associate—Antoinette Choate, a 2004 law school graduate who has "practiced solely plaintiff-

5

side employment law." (*Id*. at ¶¶ 11-12; Affidavit of Alenna K. Bolin, at ¶ 4, attached to Pl.'s Mot. as Ex. H; Affidavit of Antoinette Choate, at ¶ 3, attached to Pl.'s Mot. as Ex. I.)

When a court reviews a fee petition, "[t]here is no one correct formula for determining a fee award." *Tomazzoli,* 804. F.2d at 97. However, a court should not "eyeball[ ] the request and cut it down by an arbitrary percentage because it seemed excessive." *Id*. (citation and internal quotation marks omitted). Rather, "if the district judge wants to grant less than the requested hourly rate or cuts back the number of hours spent on the case, [s]he must provide a concise but clear explanation of his reasons." *Id*. (citation and internal quotation marks omitted). However, "it is generally unrealistic to expect a trial court to evaluate and rule on every entry in an application." *Id*. at 98 (citations omitted). As such, a court acts within its discretion when it reduces the number of hours requested by "a lump sum . . . as a practical means of trimming fat from a fee application." *Id*. (citations omitted); *see also, Harper*, 223 F.3d at 605 (district courts may, "(in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage.")

Defendant argues that the case was overstaffed. To pursue her sexual harassment case Nancy Brogato retained three lawyers who have collectively practiced employment law for more than 40 years. While the underlying factual background to this case was unusual, the case itself was not. The case did not advance new legal principles nor did it involved a class of plaintiffs. The case against all defendants but the Township was settled before trial and without summary judgment. Although this Court appreciates the valuable work of all the attorneys in this case, the amount of work put into the case at the stage it ended was excessive given the nature of the litigation. The court is therefore within its discretion to "trim [the] fat" from Brogato's request for fees. *See Tomazzoli*, 804. F.2d at 98.

6

Because Plaintiff's counsel are all well-versed in civil rights matters (two of Plaintiff's counsels have practice exclusively in this area for well over fifteen years), their expertise is reflected in their hourly rate. Given their level of expertise (and higher hourly rate) the work performed should result in efficiency. Notwithstanding this, there appears to be a number of unreasonable number of hours that are excessive, redundant, and unnecessary. The number of hours contained in Plaintiff's counsel's 80 pages of billing records include a large number of hours devoted to (1) routine discovery, including time devoted to routine motions (*e.g*. Plaintiff's billing records, at 15-17, 60, 68, 78, attached to Defs.' Resp. as Ex. A); document production (e.g. *id*., at 30-32, 36); deposition abstraction (e.g. *id*., at 51-55); settlement conference preparation (e.g. *id*., at 50-52, 56); interoffice conferences (e.g. *id*., at 45, 61, 65); and (2) time devoted to non-compensable administrative tasks, *Spegon,* 175 F.3d at 553, including copying documents (e.g. *id*., at 13, 27, 30, 60, 63); document delivery (e.g. *id*., at 32, 77), and electronic filing and downloading of pleadings (e.g. *id*., 52, 60-62, 68-69, 77, 79). It would be impractical for this Court to itemize each unreasonable request; however, the following examples illustrate the nature of the numerous unreasonable hours Plaintiff's counsel has requested: (1) on October 30, 2005 Ms. Trevino billed four hours preparing an opening statement for a settlement conference (*id*. at 56); (2) on June 1, 2005, Ms. Choate billed .6 hours to "[d]etermine whether status this morning or not" (*id*. at 36); and (3) on October 4, 2005, Ms. Bolin billed 4.9 hours summarizing a deposition that lasted 2.8 hours (*id*. at 40, 52).

Further, multiple attorneys work on this case with Bolin logging in 446.6 hours; Choate logged in 581.9 hours and Trevino appeared to supervise and played a general lead counsel role by logging in 77.6 hours. (Pl.'s Mot. at 3.) Again, given the conventional nature of the case, two attorneys (plus Trevino overseeing the work) putting in a substantial number of hours

(without filing or responding to a summary judgment) appears excessive. Especially given the fact that defense counsel put in 439 hours to defend the action. While it is true that prosecuting a case, and thus bearing the burden of proof, would reasonably mean more time expended -- here we have Plaintiff out billing Defendant substantially.

The Court finds that Plaintiffs' submission is excessive in the total hours expended. As a result, the Court reduces Plaintiff's attorney's fee request by 25% and finds that the Plaintiff is entitled to $164,955.37 in attorneys' fees. *See Spegon*, 175 F.3d at 550. This reflects the Court's belief that the amount of billable hours charged by counsel is excessive, given their experience and knowledge of a legal issues in this case. *See Hensley*, 461 U.S. at 433.

### B. Costs

The Court previously awarded Plaintiff's costs in the amount of $7,247.23 [Doc. No. 113], and Defendant Commission paid Plaintiff this amount. (Defs.' Resp., at 2.) Accordingly, Plaintiff's request for costs is denied as moot.

### C. Interest

Plaintiff's counsel has requested prejudgment and post-judgment interest on any award of attorney's fees entered by this Court. First, Plaintiff has provided no support as to why she is entitled to post-judgment interest on a judgment that has not yet been entered. (Pl.'s Mot., at 11.) Second, Plaintiff asserts she is entitled to prejudgment interest on her attorney's fees because "compensation is [being] received years after the services were rendered." *Id.* (citations and internal quotation marks omitted). Plaintiff is seeking attorney's fees for services rendered through November 2006, and she filed this motion in March 2006 after following the pre-filing

requirements outlined Local Rule 54.3. The Court declines to award Plaintiff prejudgment or post-judgment interest on her award of attorney's fees.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Costs and Fees as Prevailing Party Against Defendants Commission and Abruzino [Doc. No. 109] is GRANTED, in part, and DENIED, in part. Plaintiff is awarded $164,955.37 in attorney's fees.

**SO ORDERED.**          **ENTERED:**

**Dated:__March 31, 2008_____**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**