# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NANCY BROGATO, | |
| Plaintiff, | |
| | No. 04 C 7493 |
| v. | |
| | Magistrate Judge Maria Valdez |
| PROVISO TOWNSHIP MENTAL HEALTH COMMISSION, ESTATE OF JOSEPH ABRUZINO, DECEASED, AND PROVISO TOWNSHIP | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on "Defendant Proviso Township's Motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for Summary Judgment on Plaintiff's claim" [Doc No. 123]. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Defendant's motion is GRANTED in part and DENIED in part.

## BACKGROUND

On November 18, 2004, Plaintiff Nancy Brogato ("Brogato") filed this action pursuant to 42 U.S.C. § 1983 for alleged sexual harassment she endured during her tenure with her former employer. Brogato sued her former employer, Proviso Township Mental Health Commission ("Commission"); and the person who allegedly sexually harassed her, Joseph Abruzino ("Abruzino"), former Executive Director of the Commission.

On February 22, 2006, Brogato filed her amended complaint adding the municipality, Proviso Township ("Defendant Township"), as a party to the lawsuit [Doc. No. 42]. Judgment has been entered in favor of Brogato, and against the Commission and the estate of Joseph Abruzino in the amount of $150,000 [Doc No. 76]. The underlying facts of this sexual harassment case need not be set forth in detail as the Township has not challenged them in this motion.[1]

Although the $150,000 judgment in favor of Brogato, and against the Commission and the estate of Joseph Abruzino has been satisfied, Brogato's claims against the Township remain. Brogato has named the Township as a party under a Section 1983 theory of liability and under the Illinois Tort Immunity Act. The Township moves for summary judgment specifically on Count IV of Brogato's amended complaint.

## I. FACTS[2]

Because the Defendant Proviso Township has moved for summary judgment, the Court views the facts in the light most favorable to Plaintiff Nancy Brogato[3]. *See DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987). The Township established

---

[1] The underlying facts include the following: Abruzino was Brogato's boss an engaged in a pattern of conduct directed towards her. Abruzino made comments about "tits," "blow jobs," and "pussy"; made remarks such as "look at her, doesn't she have nice tits?" Abruzino grabbed Brogato's breasts and genitals and tried to fondle her; pulled her head to his crotch; and placed his mouth by her neck and licked her ear. (LR 56.1 (b)(3)(C) ¶ ¶ 58, 59).

[2] Unless otherwise noted, the following material facts are either undisputed or deemed admitted due to a party's failure to comply with Local Rule 56.1.

[3] As discussed *infra*, the Township, in their motion, addresses only the Illinois Tort Immunity Act claim against it, and does not raise summary judgment rights to any other claims. Therefore, the Court will only look at facts relevant to the Illinois Tort Immunity Act claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

the Commission in 1966, pursuant to authority granted by Illinois law. (LR 56.1 (b)(3)(C) ¶ 44.) The Township is a municipal agency, and the Commission (as are all mental health boards) is an agency of the unit of government that created it, in this case the Township. (*Id.* ¶ 45.) The Commission has a Board of Commissioners that meet once a month (LR 56.1 (a)(3) ¶ 39), and are appointed by the Township's Supervisor, the highest ranking elected official of the Township. (LR 56.1 (b)(3)(C) ¶ 36.) The Township Supervisor also has the authority to remove the Commission's board members for neglect of duty, misconduct or malfeasance in office. (*Id.* ¶ 37.)

One member of the Commission's board is required to be a member of the Township's Board of Trustees as a representative of the Commission. (*Id.* ¶ 48.) Through this representative, or through the Township Supervisor, the Township has asked the Commission to address and act on certain matters. (*Id.* ¶ 51.) The Township, in turn, has addressed matters of funding regarding the Commission. (*Id.* ¶ 52.)

The Township has the authority to levy taxes for the Commission. (LR 56.1 (b)(3)(B) ¶ 31.) The Commission submits a budget to the Township, and the Township passes the annual tax levy for the Commission. (*Id.*) For example, in 2004 the Board of Trustees of the Township passed an ordinance levying taxes "for Proviso Township," "to meet and defray all the necessary expenses and liabilities of the Township" for community mental health purposes, *i.e.* for the Commission's budget. (*Id.*) The Proviso Township did the same in 1995 and 1996. (*Id.*) According to the Commission, the Township "adopted" the Commission's levies. (*Id.*) The Township's Tax Levy Ordinance shows that the taxes levied for the Commission were "levied

upon all property subject to taxation within the Township" and that the taxes for the Commission are "expenses and liabilities of the Township." (*Id.*)

## II. LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)). If the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

The party opposing summary judgment must offer admissible evidence in support of their version of events. *McKenzie v. Ill. Dept of Transp.,* 92 F.3d 473, 484 (7th Cir. 1996). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. . . . The nonmovant will successfully oppose summary judgment only when it presents 'definite,

competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.,* 278 F.3d 693, 699 (7th Cir. 2002) (citations omitted).

Further, Courts ruling on a motion for summary judgment are "not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Pleniceanu v. Brown Printing Co.,* No. 05 C 5675, 2007 WL, 781726, at *7 (N.D. Ill. Mar. 12, 2007) (citing *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 898 (7th Cir. 2003)). "Conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir. 2002). Similarly, affidavits or depositions based on speculation, rumor, or conjecture are not sufficient to defeat a properly supported motion for summary judgment. *Karazanos v. Navistar Int'l Transp. Corp.,* 948 F.2d 332, 337 (7th Cir. 1991). Finally, the Court is "'not required to draw every conceivable inference from the record.'" *McCoy v. Harrison,* 341 F.3d 600, 604 (7th Cir. 2003) (citation omitted).

### III. ANALYSIS

Brogato claims that the Township's knowledge of the sexual harassment and their failure to take corrective measures to eliminate the ongoing sexual harassment was in violation of her Equal Protection right to be free from sexual harassment under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. (Am. Complaint, ¶ 17). The Township has now moved for summary judgment on the basis that 1) no direct employment relationship existed between Brogato and the Township; 2) that the Township did not aid or abet the Commission's discriminatory action; and 3) there is no legal requirement that the Township indemnify defendant Commission for any judgment.

As the movant, The Township will be limited to those matters raised in its motion and memorandum in support. *See United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991) (holding that "perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)"). "This court has no duty to research and construct legal arguments available to a party, especially when [it] is represented by counsel." *Tyler v. Runyon,* 70 F.3d 458, 466 (7th Cir. 1995) (internal quotation omitted). The framework of the Township's motion fails to identify any legal roadmap and fails to specifically identify which count(s) of the Plaintiff's complaint is subject to this summary judgment motion. The only specific reference the Township's motion makes to any of the counts in the complaint concern Count IV, the indemnification claim. This Court will address the motion as structured by the movant.

### *Employee Status*

The Township raises a number of arguments that concern Brogato's status as an employee *vis-a-vis* the Township. While not specifically referencing any particular count in the complaint, apparently the Township's omnibus argument concerns Count I of Brogato's complaint -- predicated upon 42 U.S.C. § 1983, denial of Equal Protection.

In its motion and reply, the Township does not dispute Plaintiff's underlying claim that she was subjected to improper conduct by Abruzino. Fundamentally what the Township argues is that they are not liable for the actions of Abruzino or defendant Commission because they

were not Brogato's direct employer. In support of this, a substantial portion of the Township's brief relies on the standard for relief under Title VII cases. (Def. Mem. at 5-8).[4]

The Township makes two arguments on the issue of direct employment. First, the Township contends that Plaintiff was the direct employee of the defendant Commission, and not the Township, thus no liability. (Def.'s Mem. at 5-8). As a second related point, they assert that as a separate legal entity (from the Commission) they cannot be the direct employer of Brogato. (Def.'s Mem. at 5). It may be true that they were not the direct employer of Brogato but they have not shown how this would get them out of the woods for purposes of imposing liability.

In the context of a Section 1983 claim based on sexual harassment, the Township could be found liable under Section 1983 for having a policy, custom, or practice that caused the deprivation of plaintiff's constitutional rights. *Monell v. Department of Social Services,* 436 U.S. 658 (1978). Specifically, Plaintiff's complaint alleges:

> Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in sexual harassment and acquiescence and deliberate indifference to sexual harassment of women by defendant Abruzino.
>
> The actions of the Defendants against Plaintiff violate her equal protection right to
> be free from sexual harassment under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. (Am. Complaint, ¶¶ 24-25).

Sexual harassment is an actionable constitutional violation under Section 1983. *Bohen v. City of E. Chicago, Ind.*, 799 F.2d 1180, 1185 (1986); *see also Collins v. Vill. of Woodbridge*, 96 F.Supp.2d 744, 751 (N.D.Ill. 2000) (finding that it has been established in the Seventh Circuit

---

[4] While, an equal protection claim of sexual harassment generally follows the same outline as an intentional discrimination claim under Title VII, *see Williams v. Seniff*, 342 F.3d 774, 788 n.13 (7th Cir. 2003), the issues raised by the Township do not necessary involve intentional discrimination claims under Title VII.

that sexual harassment in the workplace violates the Equal Protection Clause). Although the Township contends that they have no liability under respondeat superior for Plaintiff's claims, they mistake the scope of liability. Section 1983 is not premised upon a respondeat superior theory. *Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999). Instead, under Section 1983, there are three ways a municipality can violate an individual's civil rights: (1) an express policy, (2) a widespread practice that constitutes a custom or usage, and (3) an action or decision of a person with final policymaking authority. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Further, liability could attach to supervising entities who "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995).

Merely asserting a lack of direct employment does not mean that the Township would not be held liable. The Township fails to address this issue in their motion and memorandum in support of summary judgment. Arguments not made are waived for purposes of summary judgment. *See United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991) (holding that "perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)").

Equally unconvincing is the Township's infusion of a nonissue -- arguing that Plaintiff relies on an improper "aiding" and "abetting" theory of liability. (Def.'s Mem. at 8, 10). Brogato's complaint does not allege that the Township aided and abetted Defendant Abruzino. Instead, Brogato alleges that the Township's "actions reflect a policy, custom, or pattern of official conduct of engaging in sexual harassment and acquiescence and deliberate indifference to sexual harassment of women by defendant Abruzino." (Pl.'s Resp. at 6). Brogato's theory of

liability is consistent with § 1983. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978).

Less clear is the Township's argument raised fully in its reply memorandum contending that separate legal entities cannot both be held liable under Section 1983. (Def.'s Reply at 2-5). Although Brogato touched upon this issue in her opposition papers (Pl.'s Resp. at 10-11), it was not completely addressed. The Township itself acknowledges this point:

> It is unclear in the plaintiff's response whether it is her position the Township is liable for the acts and omissions of the Commission even though they are separate entities (plaintiff's citation of *Jackson v. Sheriff of Cook County*, p. 10 of plaintiff's brief), or if it is plaintiff's position the Township is liable because the Commission is a subservient division of the Township (page 11 of plaintiff's brief). (Def.'s Reply at 2).

That lack of clarity was due to the Township's unfocussed argument in its moving papers. The Township obliquely raised their asserted separate legal entity status in their moving papers in the context of denying that Brogato was a direct employee. They did not fully raise any estoppel argument (or any other argument) in their moving papers. Since the Township has not shown the legal justification for their argument that Brogato as a direct employee of the Commission would shield them from liability, summary judgment is denied as to Count I.

*Count IV – Indemnification*

The Township specifically seeks summary judgment on Count IV of Brogato's Amended Complaint, an indemnification count under the Illinois Tort Immunity Act 753 ILCS 10/1-206 (West, 2002) for damages and attorneys' fees. The Township moves this Court to grant summary judgment as to Count IV on the ground of mootness due to the settlement with the

-9-

Commission and that the Illinois Tort Immunity Act does not include attorneys' fees against municipalities.

**Mootness**

Brogato seeks a declaratory judgment that the Township is obligated to indemnify the Commission and/or Abruzino against damages and attorneys' fees. (Am. Complaint, ¶ 39). The Township asserts that Brogato's claim under the Illinois Tort Immunity Act is moot having been satisfied by the Commission's Rule 68 offer of judgment (LR 56.1 (a)(3) ¶ 12) which was accepted by Brogato. (Def.'s Rep. at 2). In making this argument, the Township contends that the Commission is not an agency of the Township and the Commission is authorized to levy taxes and issue bonds. (Def.'s Mem. at 11-12). Why these particular contentions contained in Count IV are important to a mootness argument is unclear. Nonetheless, these "facts" are not relevant to a mootness determination.

Relying principally on the case of *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994), the Township argues that Brogato has obtained complete relief from the Commission and the claim is therefore moot. And *Holstein* did hold that "[a] case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Id*. at 1147.

Brogato counters that the claim is not moot because her Petition for Attorney's Fees is still pending. First, the petition is no longer pending as the Court has ruled on the matter. [Doc. No. 134]. Second, even if the petition was still pending, it would not save Brogato from a mootness determination. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990)

(Plaintiff's interest in prevailing party attorneys' fees is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim).

Based on the Rule 68 offer of judgment accepted by the Plaintiff, and the satisfaction of that judgment on damages and costs (and attorneys' fees as ordered by the Court), there is no live controversy on the declaratory relief requested. Summary judgment is granted on Count IV.

### IV. CONCLUSION

For the foregoing reasons, the Township's Motion for Summary Judgment [Doc. No. 123] is GRANTED in part and DENIED in part. Summary judgment is granetd as to Count IV and denied as to all other remaining counts. A status hearing will be held on April 22, 2008 on the remaining issues in this case.

**SO ORDERED.**  **ENTERED:**

**Dated:** **March 31, 2008**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**